**Wilbur WEEKS, Petitioner–Appellant,**

v.

**Daniel SENKOWSKI, Respondent–Appellee.**

No. 03–2501.

United States Court of Appeals, Second Circuit.

May 20, 2004.

Susan D. Fitzpatrick, Ossining, NY, for Appellant.

Ann Bordley, Assistant District Attorney, Brooklyn, N.Y. (Charles J. Hynes, District Attorney, and Leonard Joblove and Victor Barall, Jr., Assistant District Attorneys), for Appellee, of counsel.

Present: JACOBS, STRAUB, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Wilbur Weeks appeals from a judgment and order denying his petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York (Weinstein, *J.*), asserting, *inter alia*, that his counsel's failure to pursue an alibi defense constituted ineffective assistance. The district court rejected this claim as procedurally barred. [A 18–19.] Alternatively, the district court ruled that the claim is meritless. [A 19–20.] Nonetheless, it granted Weeks a certificate of appealability on this claim. [A 22.] Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court "review[s] a district court's denial of a habeas petition *de novo.*" *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir.2001).

Though Weeks raised his ineffective assistance claim in a motion to vacate, he never sought leave to appeal the trial court's denial. The district court therefore properly concluded that Weeks did not exhaust his state remedies. It is possible that Weeks's claim was not procedurally barred, but we need not reach that question.

Denial "on the merits" is permissible "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). We have reviewed the record *de novo* and affirm because Week's claim is meritless. The affidavits of Weeks and Robert Brodie do not establish that Weeks's trial counsel provided anything other than competent representation—let alone that Weeks was prejudiced by his trial counsel's failure to present an alibi defense.

Before oral argument, Weeks moved for discovery and enlargement of the record. As directed by this Court at argument, the government subsequently located and produced the transcription of Brodie's pretrial statement to the authorities. The motion to enlarge the record is therefore granted. Our review of the Brodie transcript reinforces the conclusion that Weeks's alibi argument is baseless.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**